**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRENCE McKINNEY, | ) | Case No. 4:22-CV-00188-JGC |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL |
| WARDEN CHARMAINE BRACY, | ) | ARMSTRONG |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT & RECOMMENDATION** |

## I.  INTRODUCTION

Petitioner, Terrence McKinney ("Mr. McKinney"), seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Mr. McKinney is serving a sentence of ten years for one first-degree felony count of discharging a firearm on or near prohibited premises in violation of R.C. § 2923.162(A)(3)(C)(4).

Mr. McKinney asserts a single ground for relief. Respondent, Warden Charmaine Bracy ("Warden"), filed an answer/return of writ on April 25, 2022. (ECF No. 6). Mr. McKinney filed a traverse on June 23, 2022. (ECF No. 8). The Warden filed a reply to Mr. McKinney's traverse on July 7, 2022. (ECF No. 9).

This matter was referred to me on September 2, 2022 under Local Rule 72.2 to prepare a report and recommendation on Mr. McKinney's petition. (*See* ECF non-document entry dated September 2, 2022). For the foregoing reasons, I recommend that Mr. McKinney's petition be DISMISSED and/or DENIED. I further recommend that this Court not grant Mr. McKinney a certificate of appealability.

1

## II.  RELEVANT FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, a state court's findings of fact are presumed correct and can be contravened only if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings are erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. The Ohio Court of Appeals for the Seventh District summarized the facts as follows:

{¶2} A Mahoning County Grand Jury indicted appellant and a co-defendant on six counts. Three counts applied to appellant: Count Two for discharging a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3)(C)(4), a first-degree felony with a repeat violent offender specification pursuant to R.C. 2941.149; Count Four for felonious assault in violation of R.C. 2903.11(B)(1)(D), a second-degree felony with a firearm specification pursuant to R.C. 2941.145; and Count Six for having weapons under disability in violation of R.C. 2923.13(A)(3)(B), a third-degree felony with a firearm specification pursuant to R.C. 2941.145. Appellant pled not guilty on all counts.

{¶3} Eventually, appellant accepted a plea agreement from plaintiff-appellee, the State of Ohio. The state agreed to dismiss Count Four, dismiss the repeat violent offender specification on Count Two, and recommend a sentence of ten years of incarceration. In exchange, appellant agreed to plead guilty to Counts Two and Six. The trial court accepted appellant's guilty plea and scheduled a sentencing hearing for a later date.

{¶4} After appellant pled guilty but prior to sentencing, the state dismissed Count Six because the indictment was missing material language pertaining to this count. This left appellant only being convicted of and sentenced on Count Two.

{¶5} Approximately eight days after appellant pled guilty, he filed a pro se motion indicating he wanted to withdraw his guilty plea. Appellant's counsel subsequently filed a motion to withdraw the guilty plea arguing appellant was innocent and his plea was not freely or voluntarily entered into because it was motivated by fear and panic.

{¶6} The trial court held a hearing on appellant's motion to withdraw. Appellant made two arguments in support of his motion. First, he argued that he was innocent because he was shot at first and only fired in self-defense. Second, he argued that he did not know he pled guilty to a first-degree felony. The state argued that video evidence showed appellant discharging a firearm outside of a bar. The state also argued that

appellant admitted in jail house phone calls that he was in the wrong. The trial court noted that the original indictment charged appellant with a first-degree felony. The trial court took the issue under advisement and did not immediately issue a ruling.

{¶7} The state filed a post-hearing memorandum contra to appellant's motion to withdraw his plea. The state argued that it would be prejudiced by appellant withdrawing his plea because it halted all trial preparation and released its witnesses, appellant was represented by competent counsel, the trial court gave appellant a full hearing to discuss the terms of the plea agreement, and appellant's motion was merely a change of heart.

{¶8} The trial court overruled appellant's motion to withdraw the guilty plea. The trial court held that, based on the evidence provided, appellant's motion could only be viewed as a change of heart which was an insufficient basis to withdraw a plea.

(ECF No. 6-1, Exhibit 31); *State v. McKinney*, No. 19 MA 0042, 2020 WL 5843902, 2020-Ohio-4721 (7th Dist. Sept. 28, 2020).

## III. PROCEDURAL HISTORY

### A. <u>State Court Conviction</u>

On December 21, 2017, Mr. McKinney was indicted in the Mahoning County Court of Common Pleas on the following offenses: (1) one first-degree felony count of discharge of firearm on or near prohibited premises with a repeat violent offender specification in violation of R.C. §§ 2923.162(A)(3)(C)(4) and 2941.149; (2) one second-degree felony count of felonious assault with a repeat violent offender specification and a firearm specification in violation of R.C. §§ 2903.11(B)(1)(D), 2941.149, and 2941.145; and (3) one third-degree felony count of having weapons while under disability with a firearm specification in violation of R.C. §§ 2923.13(A)(3)(B) and 2941.145. (ECF No. 6-1, Exhibit 1). On January 2, 2018, Mr. McKinney pled not guilty to all charges. (ECF No. 6-1, Exhibit 2).

On December 10, 2018, Mr. McKinney pled guilty to Count Two (discharge of a firearm), Count Six (having weapons while under disability), and the firearm specification to Count Six, in return for the State recommending an agreed sentence of 10 years. (ECF No. 6-

3

1, Exhibit 6). On the same day, in connection with the plea, the trial court dismissed Count Four (felonious assault) and the firearm and repeat violation specifications to Counts Two and Four. (ECF No. 6-1, Exhibit 5).

On January 14, 2019, Mr. McKinney, through counsel, filed a motion to withdraw his guilty plea pursuant to Ohio Criminal Rule 32.1. (ECF No. 6-1, Exhibit 8). In that motion, Mr. McKinney argued that he should be permitted to withdraw his plea because he was innocent of the charges and because he had agreed to the plea deal out of fear and panic. On January 16, 2019, Mr. McKinney's counsel filed a motion to withdraw, stating that irreconcilable differences had arisen between him and Mr. McKinney that precluded effective representation. (ECF No. 6-1, Exhibit 9).

On February 1, 2019, before ruling on counsel's motion to withdraw, the trial court conducted a hearing on Mr. McKinney's motion to withdraw his guilty plea. (ECF No. 6-1, Exhibit 11; ECF No. 6-2). On February 4, 2019, the trial court took Mr. McKinney's motion to withdraw his plea under advisement and granted counsel's motion to withdraw. (ECF No. 6-1, Exhibit 11). On February 9, 2019, Mr. McKinney sent a *pro se* letter to the court regarding medical and other evidence that he asserted would show that he was not the aggressor in the incident. (ECF No. 6-1, Exhibit 12).

On February 20, 2019, the trial court denied Mr. McKinney's motion to withdraw his guilty plea, holding that Mr. McKinney had not met the standards for withdrawal of a plea under Ohio law. (ECF No. 6-1, Exhibit 13). On March 29, 2019, at the State's request, the trial court dismissed Count Six (having weapons while under disability) and the accompanying firearm specification. (ECF No. 16).

On March 29, 2019, the trial court conducted a sentencing hearing and sentenced Mr.

McKinney to a term of 10 years on the sole remaining count, discharge of a firearm on or near prohibited premises. (ECF No. 6-1, Exhibit 17).

**B.  <u>Direct Appeal</u>**

On April 5, 2019, Mr. McKinney, through new counsel, timely filed a notice of appeal to the Seventh District Court of Appeals. (ECF No. 6-1, Exhibit 18). In his appellate brief, Mr. McKinney raised the following assignment of error:

1.  The Trial Court Abused its Discretion in Denying the Appellant's Motion to Withdraw Guilty Plea.

(ECF No. 6-1, Exhibit 21).

On September 28, 2020, the Seventh Appellate District affirmed Mr. McKinney's sentence. (ECF No. 6-1, Exhibit 31). On November 12, 2020, Mr. McKinney, through counsel, filed a notice of appeal to the Ohio Supreme Court. (ECF No. 6-1, Exhibit 32). In his memorandum in support of jurisdiction, Mr. McKinney raised the following proposition of law:

1.  A criminal defendant is entitled to the effective representation of counsel throughout the proceedings including during a hearing on the defendant's pre-sentence Motion to Withdraw Plea and a trial court errs where it denies that Motion where a defendant has proceeded without effective representation.

(ECF No. 6-1, Exhibit 33). On February 2, 2021, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (ECF No. 6-1, Exhibit 34).

**C.  <u>Federal Habeas Action</u>**

On February 2, 2022, Mr. McKinney, through counsel, filed his 28 U.S.C. § 2254 habeas petition. (ECF No. 1). Mr. McKinney's habeas petition raises a single ground for relief:

1.  Denial of the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution.

*Id*. The Warden filed an answer/return of writ on April 25, 2022. (ECF No. 6). Mr. McKinney filed a traverse on June 23, 2022. (ECF No. 8). The Warden filed a reply to Mr. McKinney's traverse on July 7, 2022. (ECF No. 9).

## IV. STANDARDS OF REVIEW AND GOVERNING LAW

### A.  <u>Jurisdiction</u>

28 U.S.C. § 2254(a) authorizes this court to entertain an application for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d). The Mahoning County Court of Common Pleas sentenced Mr. McKinney, and the Court takes judicial notice that Mahoning County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Mr. McKinney's § 2254 petition.

### B.  <u>Exhaustion and Procedural Default</u>

Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of

the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). A claim is fairly presented when it has been asserted as a federal constitutional issue at every stage of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.

The Sixth Circuit has developed a four-part test to determine whether a procedural default precludes a federal court from reaching a petitioner's claim: (1) whether there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with; (2) whether the state court "actually enforced" the state procedural rule; (3) whether the rule is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the procedural rule and actual prejudice from the alleged constitutional error. *Barton v. Warden, Southern Ohio Corr. Facility*, 786 F.3d 450, 464 (6th Cir. 2015)

(quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). These factors are commonly known as the "*Maupin*" factors.

As the fourth *Maupin* factor indicates, if a procedural default has occurred, the default can be excused and will not preclude consideration of a claim on federal habeas review if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the petitioner was "actually innocent" of the offense. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

**C. Cognizable Federal Claim**

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Glaze v. Morgan,* No. 1:19-CV-02974, 2022 WL 467980, at *4 (N.D. Ohio Jan. 18, 2022) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead,

"federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quotation omitted). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

### D.  **AEDPA Standard of Review**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(*Id.*)

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or

decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous—it must be "objectively unreasonable." *Id.*

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* at 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id.* Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## V.  ANALYSIS

Mr. McKinney asserts a single ground for relief, arguing that he received the ineffective assistance of counsel at the hearing on his motion to withdraw his guilty plea. The Warden responds that: (1) Mr. McKinney procedurally defaulted on his claim by failing to raise it before the Seventh Appellate District; and (2) Mr. McKinney's claim fails on the merits. I agree with the Warden on both arguments.

### A.  Procedural Default

"[F]ederal courts ordinarily may not 'consider a claim in a *habeas* petition that was not "fairly presented" to the state courts' absent cause and prejudice to excuse the procedural default." *Nian v. Warden, N. Cent. Corr. Inst.*, 994 F.3d 746, 751 (6th Cir. 2021) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). "[I]t does not suffice to only present the claim to a state trial court; rather, the petitioner must raise the claim in state court and 'pursue [it] through the state's ordinary appellate review procedures." *Id.* at 751-52 (quoting *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009)).

"To determine whether a petitioner has fairly presented a claim in state court, [a court] ask[s] whether the petitioner: (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law." *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017). "While a petitioner need not cite 'chapter and verse' of constitutional law, 'general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present claims" that specific constitutional rights were violated.'" *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (quoting *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)).

Mr. McKinney did not fairly present his ineffective assistance of counsel claim as a federal constitutional claim in his appeal to the Seventh Appellate District. He did not assert a standalone ineffective assistance claim, and instead asserted only that the trial court abused its discretion in denying his motion to withdraw his guilty plea. (ECF No. 6-1, Exhibit 21). Within that assignment of error, Mr. McKinney's only reference to his counsel's performance was the following sentence, which Mr. McKinney included while arguing that his counsel was not highly competent, one factor under Ohio law for determining whether to permit withdrawal of a plea: "Furthermore, Appellant McKinney's attorney made no statements on behalf of Appellant McKinney during the hearing on his motion to withdraw his plea." *Id*. Mr. McKinney did not rely on state or federal cases employing a constitutional analysis, did not phrase the claim in terms of constitutional law or allege denial of a specific constitutional right, and did not allege facts within the mainstream of constitutional law. *Hand*, 871 F.3d at 418.

12

The Seventh Appellate District also did not understand Mr. McKinney to be raising a federal constitutional claim. It did not cite to any federal ineffective assistance of counsel cases and did not reference the right to effective assistance of counsel in its decision. (ECF No. 6-1, Exhibit 31). Mr. McKinney argues that the Seventh Appellate District cited to *State v. Xie*, 62 Ohio St. 3d 521 (1992), which did rely on federal ineffective assistance of counsel cases. However, the Seventh Appellate District cited *Xie* only in the context of setting forth Ohio's state-law standards for withdrawal of a plea. (ECF No. 6-1, Exhibit 31, ¶ 13). Moreover, the *Xie* court relied on federal constitutional cases because the appellant there specifically argued "that the misinformation concerning his parole eligibility constitutes ineffective assistance of counsel which mandates granting the motion to withdraw his plea." 62 Ohio St. 3d at 524. Mr. McKinney did not make any comparable constitutional argument to the Seventh Appellate District, and thus did not fairly present his claim.

Mr. McKinney did raise a *Strickland* claim in his appeal to the Ohio Supreme Court. (ECF No. 6-1, Exhibit 33) (asserting that a criminal defendant is entitled to the effective assistance of counsel at a hearing on a motion to withdraw a plea). However, "[t]he Ohio Supreme Court's refusal to consider criminal constitutional questions raised for the first time in the Ohio Supreme Court is an established rule of long standing." *Coats v. Sheldon*, No. 3:11 CV 1017, 2012 WL 7037778, at *9 (N.D. Ohio Aug. 20, 2012), *report and recommendation adopted*, 2013 WL 474721 (N.D. Ohio Feb. 7, 2013) (quotation omitted). Thus, "[i]n Ohio, exhaustion cannot occur where the appellant raised a claim for the first time in the Ohio Supreme Court without having first presented it to the lower appellate court." *Hayes v. Gray*, No. 5:17-CV-2035, 2019 WL 6134567, at *9 (N.D. Ohio Oct. 22, 2019), *report and recommendation adopted*, 2019 WL 6134059 (N.D. Ohio Nov. 19, 2019). Because

Mr. McKinney raised an ineffective assistance of counsel claim for the first time in the Ohio Supreme Court, he failed to exhaust it. And, because the time for Mr. McKinney to raise an ineffective assistance of trial counsel claim in the Seventh Appellate District has expired, Mr. McKinney has procedurally defaulted on the claim. *See Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) ("if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review").

Mr. McKinney's procedural default can be excused if he can demonstrate either both cause and prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. In the conclusion to his traverse, Mr. McKinney asserts that consideration of his claim is necessary "to avoid furthering a fundamental miscarriage of justice." (ECF No. 8, PageID # 305). To the extent Mr. McKinney is arguing that his procedural default should be excused on that basis, his argument fails because he has not presented "new reliable evidence . . . not presented at trial" showing that he is "actually innocent" of the offense. *Schlup*, 513 U.S. at 324. Mr. McKinney does not otherwise argue that he has established cause to excuse his procedural default. Instead, he argues that he did not commit a procedural default in the first place because he fairly presented an ineffective assistance claim to the Seventh Appellate District. I disagree, and I thus recommend that the Court dismiss Mr. McKinney's petition as procedurally defaulted.

### B. Merits

Alternatively, I recommend that the Court deny Mr. McKinney's petition on the merits because he has not established that he received the ineffective assistance of trial counsel at the hearing on his motion to withdraw his guilty plea.

A petitioner claiming ineffective assistance of counsel must show that: (1) counsel's representation "fell below an objective standard of reasonableness," such that he was not

14

performing as counsel guaranteed under the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under the first prong, the petitioner must overcome the "strong[] presum[ption that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. For prejudice, the petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The right to effective assistance of counsel "extends to all critical stages of a criminal proceeding," including the plea bargain phase. *Byrd v. Skipper*, 940 F.3d 248, 255 (6th Cir. 2019) (citing *Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)).

The *Strickland* standard is "extremely deferential" because "'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017) (quoting *Strickland*, 466 U.S. at 690). "[T]he goal is not to ensure that a criminal defendant be afforded perfect counsel, but rather 'to ensure that the adversarial testing process works to produce a just result under the standards governing decision." *Id*. (quoting *Strickland*, 466 U.S. at 687).

Where a state court reaches the merits of an ineffective assistance of counsel claim, federal habeas courts provide an additional layer of AEDPA deference to that adjudication under § 2254(d). *See Perkins v. McKee,* 411 F. App'x 822, 828 (6th Cir. 2011). The Sixth Circuit has emphasized the double layer of deference that federal courts must give state courts in reviewing federal ineffective assistance of counsel claims under AEDPA:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so

15

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. … An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. … Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (quoting *Harrington,* 131 S.Ct. 770, 786-88).

To the extent Mr. McKinney has not procedurally defaulted on his ineffective assistance of counsel claim, the Seventh Appellate District addressed the performance of his counsel during the hearing to withdraw his guilty plea as follows:

{¶28} Addressing the extent on the hearing on the motion to withdraw, appellant makes two arguments. First, he argues the hearing was inadequate because his attorney made no arguments on his behalf. Second, he argues that the trial court failed to inquire fully as to the reasons why appellant wanted to withdraw his plea. At the hearing, appellant stated he wanted to withdraw his plea "partly because I'm innocent." (Withdraw Tr. 5). He contends the trial court should have asked him what his other reason was for wanting to withdraw his plea.

{¶29} As to appellant's counsel not arguing on appellant's behalf, the record shows that counsel said very little at the hearing. But this does not affect whether the trial court conducted a sufficient hearing on appellant's motion. The trial court permitted both appellant and the state to make arguments regarding appellant's motion. Appellant was able to explain his two reasons for wanting to withdraw his plea at the hearing: actual innocence and he pled to a first-degree felony by surprise.

{¶30} As to the innocence claim, the state argued appellant was not innocent because there was a video of appellant discharging a firearm on or near a prohibited premises. The state also cited numerous jail house phone calls where appellant supposedly admitted that "he's in the wrong, he was being brash, he was being bold, he wasn't thinking straight." (Withdraw Tr. 18). As to the surprise first-degree felony argument, the trial court noted that the indictment stated discharging a firearm on or near a prohibited premises is a first-degree felony.

{¶31} As to appellant's second argument that the trial court did not inquire into additional reasons for appellant's motion, the trial court concluded the hearing by asking appellant if there was anything he wanted to add. Appellant responded "I'm innocent. That's it, Your Honor." (Withdraw Tr. 19). Thus, the trial court gave appellant the opportunity to make any other arguments before concluding the hearing.

Based on the above, appellant had an adequate hearing on his motion and this element weighs in the state's favor.

(ECF No. 6-1, Exhibit 31).

Applying the double layer of deference under AEDPA, the Seventh Appellate District did not act contrary to or misapply clearly established federal law in holding that Mr. McKinney received a sufficient hearing on his motion and that he was not prejudiced by his counsel's silence. As noted above, to establish prejudice, Mr. McKinney must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, he has not identified any particular arguments his counsel should have raised during the hearing but did not. Nor has Mr. McKinney demonstrated that more active participation from his trial counsel would have created a reasonable probability that his motion to withdraw his plea would have been granted. Thus, even assuming the performance of Mr. McKinney's counsel fell below an objective standard of reasonableness, his *Strickland* claim fails because he has not established the requisite prejudice. I therefore alternatively recommend that the Court deny Mr. McKinney's petition on the merits.

## VI. RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

### A. **Legal Standard**

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a

denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; see also 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B. Analysis

Mr. McKinney has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

## VII. RECOMMENDATION

For the foregoing reasons, I RECOMMEND that the Court DISMISS and/or DENY

Mr. McKinney's petition for a writ of habeas corpus under 28 U.S.C. § 2254. I also recommend that the Court not grant him a certificate of appealability.

Dated: May 21, 2024

/s/*Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the

report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).